# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING

**GLASS, MOLDERS, POTTERY, PLASTICS,**
**& ALLIED WORKERS INTERNATIONAL UNION,**
**AFL-CIO, CLC,**

     Plaintiff,

v.                                            **Civil Action No. 5:17-CV-6**
                                                     **(BAILEY)**

**TECNOCAP LLC,**

     Defendant.

## ORDER AND OPINION RESOLVING MOTIONS FOR SUMMARY JUDGMENT

Currently pending before this Court are the parties' cross motions for summary judgment. First, defendant Tecnocap LLC ("Tecnocap") filed its Motion for Summary Judgment [Doc. 19] on July 18, 2017. Plaintiff Glass, Molders, Pottery, Plastics & Allied Workers International Union, AFL-CIO, CLC ("GMP") filed a Motion for Summary Judgment [Doc. 22] on July 21, 2017. For the reasons set forth below, this Court grants GMP's Motion for Summary Judgment [Doc. 22], and denies Tecnocap's Motion for Summary Judgment [Doc. 19].

## I. BACKGROUND

Plaintiff GMP is a labor union that represents employees of defendant Tecnocap's facility in Glendale, West Virginia [Doc. 1 at 1]. GMP filed this action pursuant to the Section 301 of the Labor-Management Relations Act of 1947 ("LMRA"), 28 U.S.C. § 185, and seeks a declaratory judgment [Id. at 1-2]. Sam Hall and Fred Berisford are former employees of Tecnocap and GMP union members whose firings for excessive absenteeism are at the center of this action [Id. at 3]. On March 14, 2016, and April 17, 2016, the GMP

commenced grievance proceedings under the Collective Bargaining Agreement ("CBA") in connection with the termination of Berisford and Hall, respectively [Id.]. In both cases, Hall and Berisford were purportedly terminated while they were off work under the Family Medical Leave Act ("FMLA") [Doc. 20-2 – 20-7]. Moreover, the grievances concerned termination subject to the provision of the CBA in place between the parties [Doc. 1 at 3].

Article 21, Section 1 of the CBA establishes notice procedures for absences from work [Doc. 22-1 at 18]. Article 22, Section 2 of the CBA provides that the Company and the Union will abide by the rules of the FMLA and sets out certain requirements regarding days off of work [Id.]. Tecnocap implemented an Attendance Control Policy ("the Policy"), which establishes a progressive discipline policy for absences from work [Doc. 20-1; Doc. 22-2]. Pursuant to the terms of the Policy, points are assigned based upon different violations of the Policy; the accumulation of 6 points results in a verbal warning, 7 points results in a written warning, 8 points results in a three day suspension, and 9 points results in a termination [Id.]. The Policy specifically excludes absences covered by the FMLA [Id.]. Finally, Article 5, Section 2 of the CBA concerns the hiring, releasing, quitting and discharge of employees [Doc. 22-1 at 6]. That section provides that the grievance procedure can be invoked in situations, such as the Hall and Berisford grievances, where an employee is discharged from employment with Tecnocap [Id.].

The GMP filed the Hall and Berisford grievances pursuant to Articles 27 and 28 of the CBA, which control the grievance and arbitration procedure and process [Doc. 1 at 3; Doc. 22-1 at 19-21]. Article 27 of the CBA provides for a three-step grievance and dispute resolution process [Doc. 22-1 at 19-21]. Article 28 of the CBA concerns arbitration and provides that if a grievance is not settled in the three-step grievance process grievances

2

can be moved to arbitration [Id. at 21]. Article 28, Section 1 states that, "[o]nly grievances involving the interpretation or application of express provisions of this Agreement shall be subject to arbitration" [Id.].

GMP alleges that it and Tecnocap proceeded through the three-step grievance process in connection with the Berisford and Hall grievances [Doc. 1 at 3]. The parties agree that neither the Berisford Grievance nor the Hall Grievance was resolved or settled through that process [Id.; Doc. 3 at 2]. Then, on or about August 26, 2016, GMP moved both grievances to arbitration pursuant to Article 28 of the CBA [Doc. 1 at 3]. Tecnocap and the GMP mutually scheduled an arbitration date of November 8, 2016, for the Berisford Grievance before arbitrator Hyman Cohen [Id.; Doc. 3 at 3]. The parties also mutually agreed upon arbitrator Jennifer Flesher to serve as the arbitrator for the Hall Grievance, but no date was set for the arbitration [Id. at 4; Id.]. Then, on September 28, 2016, Tecnocap informed the Plaintiff that it was refusing to proceed with the arbitrations in both the Berisford and Hall grievances, allegedly because GMP breached the time limits in the CBA for processing the grievances and/or arbitrations [Doc. 22-3 at 2-3].

GMP now contends that the CBA has no provision or term which permits Tecnocap to refuse to arbitrate a grievance on this ground [Doc. 1 at 4]. Furthermore, GMP contends that the parties have a long history of processing grievances through Articles 27 and 28 without strict compliance to any time limits set forth in the CBA [Id.]. Accordingly, GMP maintains that the Berisford and Hall grievances were both properly advanced to arbitration in accordance with the CBA, and that Tecnocap wrongfully refuses to participate in the required arbitrations [Id.]. GMP now seeks a declaration that Tecnocap must arbitrate the Berisford and Hall grievances pursuant to Article 28 of the CBA, and seeks costs incurred

3

in this action [Id. at 6].

Tecnocap, for its part, contends that, "no arbitration is permissible because the grievances were not timely appealed by [GMP] and are therefore dead" [Doc. 20 at 1]. Further, Tecnocap contends that the issues raised by GMP have already been resolved by the National Labor Relations Board ("NLRB") and the United States Department of Labor ("DOL") [Id.].

## II. **STANDARD OF REVIEW**

Fed. R. Civ. P. 56 provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *See* **Celotex Corp. v. Catrett**, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." **Temkin v. Frederick County Comm'rs**, 945 F.2d 716, 718 (4th Cir. 1991), *cert. denied*, 502 U.S. 1095 (1992) (citing **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 247-48 (1986)); *see also* **Bouchat v. Baltimore Ravens Football Club**, 346 F.3d 514, 519 (4th Cir. 2003) (noting that "[r]egardless of whether he may ultimately be responsible for proof and persuasion, the party seeking summary judgment bears an initial burden of demonstrating the abscence of a genuine issue of material fact.").

However, as the United States Supreme Court noted in **Anderson**, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not

4

rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial-whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250; *see also* **Charbonnages de France v. Smith**, 597 F.2d 406, 414 (4th Cir. 1979) (Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law.") (citing **Stevens v. Howard D. Johnson Co.**, 181 F.2d 390, 394 (4th Cir. 1950)). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. *See* **Matsushita Elec. Indus. Co. v. Zenith Radio Corp.**, 475 U.S. 574, 587 (1986). Additionally, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586. That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); **Celotex Corp.**, 477 U.S. at 323-25; **Anderson**, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." **Anderson**, 477 U.S. at 249 (citations omitted).

When faced with cross-motions for summary judgment, a district court is not required to grant judgment as a matter of law for one side or the other; rather, the court must evaluate each party's motion on its own merits, taking care in each instance to draw

5

all reasonable inferences against the party whose motion is under consideration. **Wright, Miller & Kane**, *Federal Practice and Procedure*: Civil 2d § 2720.

### III. DISCUSSION

**A. Contrary to Tecnocap's Arguments, Collateral Estoppel Does Not Apply Here:**

As a preliminary matter, Tecnocap asserts that GMP is estopped from pursuing arbitration regarding the Hall and Berisford Grievances by the doctrine of collateral estoppel [Doc. 20 at 9-10]. Tecnocap argues that collateral estoppel applies because Hall and Berisford filed complaints with the NLRB and the DOL [Id.]. However, collateral estoppel cannot possibly be applied to those claims.

In **Montana v. United States**, the United States Supreme Court defined the related doctrines of *res judicata* and collateral estoppel by stating:

> Under *res judicata*, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation.

440 U.S. 147, 152-153 (1979) (internal citations omitted). Accordingly, the touchstone of collateral estoppel is a judgment on the merits. See **Parklane Hosiery Co. v. Shore**, 439 U.S. 322, 326 n. 5 (1979) ("Under the doctrine of *res judicata*, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action."); *accord* **Semtek Intern. Inc. v. Lockheed Martin Corp.**, 531 U.S. 497, 501-503 (2001).

The instant matter simply does not meet the requirements of either doctrine because, with regard to both the DOL and the NLRB complaints relied upon by Tecnocap,

no court has decided an issue of fact or law that is being re-litigated in a court of law against a party to the first case. As noted by the plaintiff, neither of those complaints involve full and fair litigation or a decision by a court. The record contains references where GMP indicated that, "they didn't think that it [the DOL complaint] was going any further, whatever that means," [Doc. 22-6 at 5], and that GMP withdrew the NLRB complaint prior to any formal adjudication of any type [Doc. 22-5 at 9]. As further noted by GMP, Tecnocap also failed to offer any proof that either the DOL or the NLRB issued a final order, or any formal decision, on any issues raised by Hall, Berisford, or GMP. Finally, the DOL and NLRB matters concerned violations of law while the arbitration in these two grievances concerns the CBA between the Parties. Neither in any manner call into play the doctrine of collateral estoppel, and Tecnocap's Motion for Summary Judgment on this issue must be denied.

**B. GMP is Entitled to Summary Judgment and this Court Orders that the Parties Proceed to Arbitration**:

After reviewing the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, there is no genuine issue of any material fact and GMP is entitled to a judgment as a matter of law. *See* Fed. R. Civ. P. 56. Accordingly, this Court orders that the parties arbitrate the Berisford and Hall grievances in accordance with the CBA.

First, this Court notes that there is an overwhelming body of case law which counsels in favor of arbitrating disputes between labor and management where a CBA is in place and applies to the dispute. As the Unites States Supreme Court noted in **United Paperworkers v. Misco**, federal statutes regarding labor-management:

"reflect a decided preference for private settlement of labor disputes without the intervention of government: The Labor Management Relations Act of 1947, 61 Stat. 154, 29 U.S.C. § 173(d), provides that '[f]inal adjustment by a method agreed upon by the parties is hereby declared to be the desirable method for settlement of grievance disputes arising over the application or interpretation of an existing collective-bargaining agreement.' The courts have jurisdiction to enforce collective-bargaining contracts; *but where the contract provides grievance and arbitration procedures, those procedures must first be exhausted and courts must order resort to the private settlement mechanisms without dealing with the merits of the dispute*."

484 U.S. 29, 37 (1987) (internal citations omitted) (emphasis added). Arbitration is preferred, "[b]ecause the parties have contracted to have disputes settled by an arbitrator chosen by them rather than by a judge, it is the arbitrator's view of the facts and of the meaning of the contract that they have agreed to accept." *Id.* at pp. 37-38.

In furthering this policy, courts will issue an order compelling an employer to arbitrate a dispute because there is a presumption of arbitrability where there is an existing agreement, and a broad grievance and arbitration clause. See **AT&T Technologies, Inc. v. Communications Workers of America**, 475 U.S. 643, 648-650 (1986) (noting that the principles of ordering arbitration pursuant to a CBA have, "served the industrial relations community well, and have led to continued reliance on arbitration, rather than strikes or lockouts, as the preferred method of resolving disputes during the term of a [CBA]").

As the Fourth Circuit further stated in **Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co.**, 867 F.2d 809, 812 (4th Cir. 1989):

> "the heavy presumption of arbitrability requires that when the scope of the arbitration clause is open to question, a court must decide the question in favor of arbitration. Thus, 'an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.' This heavy presumption in favor of arbitrability is based on public policy

8

considerations of the need for speedy and efficient decisions 'not subject to delay and obstruction in the courts.'"

The Fourth Circuit abides by four principles established by the United States Supreme Court to determine the arbitrability of a labor dispute:

"Under the first principle, the parties must have contracted to submit the grievance to arbitration. The second principle requires that the court determine whether the contract provides for arbitration of the particular grievance in question. The third principle demands that the court not decide the merits of the grievance while determining the arbitrability of the dispute. Finally, if the contract contains an arbitration clause, a presumption of arbitrability arises. The court should not decline to order arbitration 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'"

*Cumberland Typographical Union No. 244 v. The Times and Alleganian Co.*, 943 F.2d 401, 404 (4th Cir. 1991) (citing *AT&T*, 475 U.S. at 650).

Even questions such as time requirements contained in CBAs, including the one at issue in this matter, are within the purview of arbitrators:

"If a party has made an explicit demand for arbitration, as the union did here, and the opposing party has refused that demand, as the employers did, a court has no license to examine whether the demand itself was timely made. Rather, when the record reveals-as it does here-that one party has expressly demanded and the other expressly refused to arbitrate a grievance that is covered by an arbitration clause, a court may not look beyond these facts to determine when the cause of action to compel arbitration accrued. In such circumstances, a cause of action to compel arbitration accrues, and the limitations period begins, with the refusal to arbitrate."

*Local 1422, Int'l Longshoremen's Ass'n v. S.C. Stevedores Ass'n*, 170 F.3d 407, 409 (4th Cir. 1999) (internal citations omitted). Based upon this overwhelming and clear precedent, this Court must order the parties to arbitrate this dispute.

Tecnocap's primary basis for refusing to arbitrate the Hall and Berisford grievances is that GMP did not timely commence the grievance process [Doc. 20 at 10-11]. As noted

above, "[i]f a party has made an explicit demand for arbitration, as the union did here, and the opposing party has refused that demand, as the employers did, a court has no license to examine whether the demand itself was timely made." ***Local 1422, Int'l Longshoremen's Ass'n***, 170 F.3d at 409. As set forth previously, GMP clearly made a demand for arbitration in each grievance, which Tecnocap admits occurred on August 26, 2016 [Doc. 3 at 3]. Then, on September 28, 2016, Tecnocap informed the plaintiff that it was refusing to proceed with the arbitrations in both the Berisford and Hall grievances, allegedly because GMP breached the time limits in the CBA for processing the grievances and/or arbitrations [Doc. 22-3 at 2-3]. The facts and evidence clearly indicate that this dispute falls within the Fourth Circuit's holding in ***Local 1422, Int'l Longshoremen's Ass'n***, 170 F.3d at 409, and this Court, "has no license to examine" whether the grievances were filed on time. GMP is therefore entitled to judgment as a matter of law, and this Court must order these grievances to proceed before an arbitrator in line with the CBA in place between the parties.

## IV. CONCLUSION

After reviewing the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, there is no genuine issue of any material fact and GMP is entitled to a judgment as a matter of law. *See* Fed. R. Civ. P. 56. Accordingly, this Court **GRANTS** GMP's **Motion for Summary Judgment [Doc. 22]**, and **DENIES** Tecnocap's **Motion for Summary Judgment [Doc. 19]**. As such, this Court **DIRECTS** the parties to proceed to arbitration as to the Berisford and Hall grievances.

It is so **ORDERED**.

The Clerk of Court is directed transmit copies of this Order to all counsel of record.

**DATED**: September 6, 2017.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE